UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIQUEL ROSS,

       Plaintiff,                   Civil Action No. 12-15205

v.                              HONORABLE DENISE PAGE HOOD

MERS/MERSCORP HOLDINGS, INC.
and FLAGSTAR BANK,

       Defendants.

_____/

ORDER GRANTING MOTION TO DISMISS
AND
ORDER DISMISSING ACTION

I.     BACKGROUND

On November 27, 2012, Plaintiff Miquel Ross, proceeding *pro se,* filed the instant action against Defendants Mortgage Electronic Registration Systems ("MERS")/MERS Corp. and Flagstar Bank alleging four counts:  Violation under Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) (Count I); Void Foreclosure Sale due to Lack of Standing to Foreclose, M.C.L. § 600.3204 (Count II); Quiet Title (Count III); and Breach of Covenant (Count IV).

On November 29, 2002, Plaintiff took out a mortgage with Flagstar, naming MERS as the Mortgagee, and a Promissory Note with a VA Assumption Rider.  (Comp., ¶¶ 8-9).  Plaintiff's property was sold and a Sheriff's Deed was executed against Plaintiff's property on March 3, 2004. (Comp., ¶ 10)  On June 25, 2012, Plaintiff performed an investigation at the Wayne County Register of Deeds and discovered that there were no assignments of the mortgage recorded from November 2002 to June 4, 2012.  (Comp., ¶ 11)  Plaintiff obtained his credit report from all the credit reporting agencies which did not contain Plaintiff's debt to Flagstar between June and August 2012.  (Comp.,

¶ 12)  Plaintiff asserts that his property, commonly known as 14752 Mansfield, Detroit, Michigan, was seized illegally.  (Comp., ¶ 13)  Plaintiff states that through his investigation and research, he has discovered many illegalities respective of the illegal seizure of his property and a myriad of homes in Detroit, Michigan by MERS, Flagstar, JP Morgan Chase and Trott & Trott, PC, as well as other debt collectors.  (Comp., ¶ 14)  Plaintiff claims that Defendants are part of a criminal enterprise called the MERS scheme, which has been at the root of over 60 million homeowners foreclosed illegally.  (Comp., ¶ 15)  Plaintiff claims MERS improperly foreclosed on his property on March 3, 2004, in violation of M.C.L. § 600.3204.  (Comp., ¶ 23)

In lieu of an Answer, Defendants failed the instant Motion to Dismiss.  Plaintiff filed an affidavit in opposition to the motion and Defendants filed a reply to the affidavit/response.

## II.   ANALYSIS

### A.   Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure  provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard."  *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

**B.     Counts II (Foreclosure/Standing, III (Quiet Title) and IV (Breach of Covenant)**

Defendants assert that Plaintiff's claims seeking to challenge the 2004 foreclosure of the

3

property is barred because the six month redemption period has passed.  Plaintiff responds that because of deceptive practices by MERS and others and lack of standing by MERS to foreclose on the property, Plaintiff has stated a claim against Defendants.  Plaintiff claims M.C.L. § 600.5807(4) provides a 10 years limitation period as to his claims and his lawsuit was filed within that period.

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished.  *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Goryoka v. Quicken Loan, Inc.,* 2013 WL 1104991, * 1 (6th Cir. Mar. 18, 2013)(citing, *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)).  "The right to redeem from a foreclosure sale is a statutory right that ... can neither be enlarged nor abridged by the courts."  *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing,* 2012 WL 5869918, * 5 (6th Cir. Nov. 20, 2012)(quoting *Detroit Trust Co. v. Detroit City Serv. Co.,* 262 Mich. 14 (1933)).  Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings.  *Overton,* 2009 WL 1507342 at *1.  A court may consider equitable remedies only if there is a clear showing of fraud or irregularity *as to the foreclosure proceeding itself*, and not simply as to any conduct by a defendant.  *Houston,* 2012 WL 5869918 at *5 (citing, *Freeman v. Wozniak,* 241 Mich. App. 633 (2000)).

The Sheriff's Deed was issued after foreclosure proceeding on Plaintiff's property in March 2004.  Plaintiff filed the instant suit in November 2012, more than eight years after the redemption period expired.  Plaintiff's challenge to the foreclosure proceedings is barred.  Plaintiff's Complaint fails to allege any fraud or irregularity, *as to the foreclosure proceeding itself*.  Rather, Plaintiff alleges that MERS did not have the authority to foreclose on the property since MERS was not the

owner of the indebtedness. However, the Michigan Supreme Court has made clear that under Michigan's foreclosure by advertisement statute, M.C.L. § 600.3204(1)(d), a mortgage granted to MERS as nominee for the lender and lender's successors and assigns, is a valid and assignable mortgage. *Residential Funding Co., LLC v. Saurman,* 490 Mich. 909, 910 (2011)(MERS had an interest in the indebtedness as the record-holder of the mortgage which authorized MERS to foreclose by advertisement under the statute.). Even if MERS engaged in deceptive practices as to the assignment of mortgages or as to how it conducts business generally, such claims do not extend the redemption period since these allegations do not go the irregularity *as to the foreclosure proceeding itself,*" but to MERS' actions as they relate to its business practices.

Regarding Plaintiff's claim that his claims are not time-barred based on the 10-year statute of limitations set forth in M.C.L. § 600.5807(4)("The period of limitations is 10 years for actions founded upon covenants in deeds and mortgage of real estate"), this limitation period does not apply to the claims in his Complaint. Plaintiff asserts in Count IV, Breach of Covenant, that Defendants violated Section 20 of the mortgage because he was not given notice of any change in the loan servicer. (Comp., ¶ 53) Cases that have addressed the 10 year statute of limitations in M.C.L. § 600.5807(4) involved actions seeking payments under a mortgage. *See Visioneering Inc. Profit Sharing Trust v. Belle River Joint Venture,* 149 Mich. App. 327 (1986). Those are not the facts in this case. As noted above, Plaintiff has lost all of his rights as to the property at issue. Any claims regarding any breach of the mortgage language are barred since Plaintiff did not raise the issue of any breach by Defendants as to the mortgage during the foreclosure proceedings or the redemption period. Plaintiff's interest as to the mortgage and the related property is now extinguished since he failed to act during the redemption period. Even viewing the claims in the Complaint liberally,

5

Plaintiff has failed to state claims relating to his property since the redemption period has passed.

### C.     Count I, RICO claim

#### 1.     RICO Statute of Limitations

Defendants assert that Plaintiff's RICO claim is time-barred under the RICO statute. The Supreme Court has imposed a four-year statute of limitations on RICO claims. *Agency Holding Corp. v. Malley-Duff & Associates,* 483 U.S. 143, 156 (1987). The four-year limitation period begins to run when a party knows, or through exercise of reasonable diligence should have discovered that the party was injured by a violation under RICO. *Rotella v. Wood,* 528 U.S. 549, 553-55 (2000). The latest date any RICO claim would have started to run was when Plaintiff's property was foreclosed in March 2004. At that time, and probably earlier when Plaintiff entered into the mortgage in 2002, noting MERS as the original recorded mortgagee, Plaintiff had knowledge that MERS was involved. As noted by Defendants, the same public records Plaintiff reviewed in 2012, were available for his review in 2002-2004. Courts have held that public records serve as constructive notice to all regarding claims and interests in real property. *McMurty v. Smith,* 320 Mich. 304 (1948). Even though Plaintiff did not investigate what was in his credit records until 2012, Plaintiff's credit reports were available at his request well before 2012. Plaintiff's claims under RICO are barred by the four-year limitation period.

#### 2.     RICO/Rule 9(b)

Defendants argue that Plaintiff's RICO claims do not meet the pleading requirements under Rule 9(b) of the Rules of Civil Procedure. Plaintiff's underlying RICO claims are based on mail fraud.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place,

and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003).

Liberally construing Plaintiff's RICO claims based on fraud, Plaintiff's Complaint is void of any specific allegations as to what statements were made which were fraudulent, does not identify the speaker or when and where the statements were made, nor does Plaintiff allege why the statements were fraudulent.  Because Plaintiff's Complaint fails to state with specificity any mail fraud claims, the RICO count must be dismissed for failure to state upon which relief may be granted.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss **(Doc. No. 5)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 30, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager